**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK A. EPPLER, an individual, | No. 08-16986 |
| Plaintiff - Appellant, | D.C. No. CV 07-04696-WHA |
| v. | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; LONG TERM DISABILITY AND LIFE PLAN FOR EMPLOYEES OF MINNESOTA METHANE LLC, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted December 7, 2009
San Francisco, California

Before: TASHIMA, GRABER, and BYBEE, Circuit Judges.

Plaintiff Mark A. Eppler appeals from the summary judgment entered in

favor of Defendants Hartford Life and Accident Insurance Company and Long

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Term Disability and Life Plan for Employees of Minnesota Methane LLC.  We affirm.

Plaintiff first contends that the district court erred in reviewing for abuse of discretion Hartford Life's decision to terminate his long-term disability benefits. We review this issue de novo.  Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 962 (9th Cir. 2006) (en banc).  The proper standard of review of the decision was for abuse of discretion because the plan (not merely a collateral document) expressly granted discretion to the plan administrator.  Id. at 963.  Hartford Life's delay in processing Plaintiff's appeal for review of the termination decision was not so serious a procedural violation as to alter the standard of review.  Id. at 959, 971; Gatti v. Reliance Standard Life Ins. Co., 415 F.3d 978, 985 (9th Cir. 2005).

Plaintiff next argues that the district court failed adequately to consider Hartford Life's conflict of interest.  We review this issue de novo as well. Abatie, 458 F.3d at 962.  When a conflict exists, the district court must consider it, even if a plaintiff does not present evidence regarding the conflict.  Id. at 966–67 (overruling Atwood v. Newmont Gold Co., 45 F.3d 1317 (9th Cir. 1995)).  Here, the district court observed, accurately, that Plaintiff had not introduced evidence regarding the conflict.  Such evidence could have given greater importance to the conflict as a factor in the court's review.  See Metro. Life Ins. Co. v. Glenn, 128 S.

Ct. 2343, 2351 (2008) (contrasting when a conflict should be "more important" and "less important"). Nevertheless, the district court cited <u>Glenn</u> and <u>Abatie</u> and expressly stated that it had considered the conflict in its review. This was a proper application of <u>Glenn</u> and <u>Abatie</u>.

Finally, Plaintiff argues that Hartford Life abused its discretion by terminating his disability benefits. On de novo review, <u>Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc.</u>, 293 F.3d 1139, 1142 (9th Cir. 2002), we are not persuaded. A court's deference to an administrator's decision must be tempered by some amount of "skepticism" when the administrator has a conflict of interest. <u>Abatie</u>, 458 F.3d at 968. A conflict has greater importance "where circumstances suggest a higher likelihood that it affected the benefits decision." <u>Glenn</u>, 128 S. Ct. at 2351. Here, several indicia—either brought out by Plaintiff on appeal or recently highlighted by <u>Montour v. Hartford Life & Accident Ins. Co.</u>, No. 08-55803, 2009 WL 3856933 (9th Cir. Nov. 19, 2009)—suggest that the conflict may have affected the decision, including Hartford Life's history of inappropriate reliance on video surveillance of claimants; its characterization of the video surveillance results in this case; its failure to explain the contrary Social Security disability determination; its choice to conduct only a paper review of Plaintiff's claim; and Hartford Life's failure to present evidence of its efforts to ensure

3

unbiased claims administration.  See Glenn, 128 S. Ct. at 2351–52 (describing indicia of conflict's importance); Montour, 2009 WL 3856933, at *9–13 (same); Abatie, 458 F.3d at 968–69 (same).  But, even viewing the decision with a heightened level of skepticism, greater than the district court's level of skepticism, we conclude that there was no abuse of discretion.

Hartford Life's decision to terminate Plaintiff's benefits was supported by the record.  Plaintiff's complaints of excessive sleepiness and cognitive difficulties even after his surgeries are not supported by objective evidence.  In fact, testing showed that Plaintiff's sleep apnea improved after the surgeries.  Plaintiff continued to complain of sleepiness and difficulty concentrating; he appeared to both Dr. Lewis and the private investigator to be slow and distractable.  However, Plaintiff's credibility is severely undermined by the inconsistencies between his activities—as shown in the surveillance videos—and the back problems of which he also complained.  Plaintiff's exaggeration of the severity of his physical limitations renders his subjective report of sleepiness and cognitive problems unreliable.  Plaintiff's doctors conducted cursory evaluations of Plaintiff's cognitive abilities near the time of decision to terminate benefits, and those evaluations fail to corroborate Plaintiff's claims of serious cognitive problems.

Thus, the district court properly granted summary judgment in favor of Defendants.

Plaintiff briefly mentioned several other issues, but has forfeited those issues by failing to develop any argument regarding them. <u>Acosta-Huerta v. Estelle</u>, 7 F.3d 139, 144 (9th Cir. 1993).

AFFIRMED.